**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TARANEH SABERI SHAHRBABAKI, | ) | CASE NO. 4:26-cv-00241-MJH |
| PLAINTIFF, | ) | JUDGE MICHAEL J. HENDERSHOT |
| vs. | ) | OPINION AND ORDER DISMISSING THE CASE AS MOOT |
| MARKWAYNE MULLIN, SECRETARY OF U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) | |
| DEFENDANTS. | ) | |

Plaintiff Taraneh Saberi Shahrbabaki sued the Secretary of the United States Department of Homeland Security, the Director of the United States Citizenship and Immigration Services, and the Director of the USCIS Cleveland Field Office, claiming that the delay in processing her request for a change of immigration status violated the Administrative Procedure Act, 5 U.S.C. §706, and the Fifth Amendment. Since Shahrbabaki's immigration adjustment has been decided, the Court dismisses the case as moot.

## I. Background

This case involves one facet of the country's complex immigration laws—what is commonly known as the diversity visa program. Each year, the program makes

a number of immigrant visas available "to citizens of countries that have had historically low rates of immigration to the United States." *Mwasaru v. Napolitano*, 619 F.3d 545, 549 (6th Cir. 2010); *see also* 8 U.S.C. §1153(c). The program selects more applicants than available visas. *Mwasaru*, 619 F.3d at 549–50; *see also* 8 U.S.C. §§1153(c), 1153(e). So, "those selected for the diversity program are not guaranteed to receive a visa—only the opportunity to apply for one." *Mwasaru*, 619 F.3d at 550. A selectee who already lives in the United States may file an I-485 form to apply for an adjustment of status and become a permanent legal resident. *Id.* (citing 8 C.F.R. §245.2); *see also* 8 U.S.C. §1255(a).

In the end, though, the Attorney General has discretion on whether to adjust an applicant's status to that of a permanent legal resident if certain criteria are met. *Mwasaru*, 619 F.3d at 550; *see also* 8 U.S.C. §1255(a). Under these criteria the applicant must (1) apply for the adjustment, (2) be "eligible to receive an immigrant visa . . . and [be] admissible to the United States for permanent residence," and (3) have an immigrant visa immediately available at the time of application. *Id.*

Shahrbabaki is an Iranian citizen currently living in Youngstown, Ohio. [R. 1, at 4.] After entering the United States as a student, she won one of the diversity-program slots. [*Id.*] On November 10, 2025, she filed her I-485 form to have her status adjusted to lawful-permanent resident. [*Id.*] After she paid her fees but before the required interview, an executive policy halted all pending applications of aliens from certain countries, including Iran. [*Id.* at 4-5; R. 7-1, at 70–72.]

Shahrbabaki responded with this lawsuit. She seeks declaratory, injunctive, and writ relief on the theory that the policy pausing the program violated several provisions of the Administrative Procedure Act and her Fifth Amendment right to due process. [R. 1, at 2, 6–13.] All these claims and associated remedies pointed to one request—that the Court order the government to adjudicate her application. [*Id.* at 12–13.] During this lawsuit, the government has done just that. Shahrbabaki has been interviewed, her I-485 has been adjudicated, and she now "holds the status of a lawful permanent resident." [R. 12, at 171–72; R. 13, at 177, 180.] The only glitch—her permanent resident card, also known as a green card, misspelled her first name. [R. 12, at 174; R. 13, at 177–78, 187.] The defendants filed a suggestion of mootness, [R. 12], which Shahrbabaki opposed given the misspelling, [R. 13].

## II. Law and Analysis

The "federal courts are courts of limited jurisdiction." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (quotation omitted; brackets removed). So, at any point during litigation, a court may, whether by a party's motion or sua sponte, dismiss an action for lack of jurisdiction. Fed. R. Civ. P. 12(b)(1), 12(h)(3); *see also Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025).

"A core tenet of Article III is that 'federal courts may adjudicate only actual, ongoing cases or controversies.'" *Wilson v. Gordon*, 822 F.3d 934, 941 (6th Cir. 2016) (quotation omitted). If the controversy evaporates, jurisdiction dries up as

well. *See FBI v. Fikre*, 601 U.S. 234, 240–41 (2024). This jurisdictional limit is often expressed as the lack of power to decide moot cases. *Ramsek v. Beshear*, 989 F.3d 494, 499 (6th Cir. 2021) (citation omitted); *see also FBI*, 601 U.S. at 240.

Because mootness is jurisdictional, "a federal court must dismiss the case as moot" when "a complaining party manages to secure outside of litigation all the relief he might have won in it." *FBI*, 601 U.S. at 240. When that happens, "the parties lack a legally cognizable interest in the outcome," and there is nothing for a court to decide. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quotation omitted). Put another way, if granting the requested relief would make no "difference to the legal interests of the parties," the case is moot, and the court should dismiss it. *Patton v. Fitzhugh*, 131 F.4th 383, 392–93 (6th Cir. 2025) (quotation omitted); Fed. R. Civ. P. 12(h)(3).

And that is exactly the posture here: granting the relief Shahrbabaki seeks will not affect her legal interests. Shahrbabaki sued to have her I-485 form adjudicated. [R. 1, at 12–13.] More broadly, she asks the Court to declare the delayed adjudication of her application unlawful and unreasonable. [*Id.*] Finally, she asks the Court to declare the delay policy unconstitutional and to enjoin it. [*Id.*] But given what she "secure[d] outside of litigation," *FBI*, 601 U.S. at 240, none of that will change her legal rights. The government has processed her I-485 form, so the delay policy no longer affects her. And because she never sought money damages, [*see* R. 1, at 12–13], any ruling about handling her application or about the policy's legality would not affect Shahrbabaki's legal interests one bit.

Therefore, the case is moot, and the Court has no power to say anything about the delay here or the policy more generally. *See, e.g.*, *Hussein v. Beecroft*, 782 Fed. App'x 437, 441–43 (6th Cir. 2019) (mooting claims to adjudicate visa application); *Martinez v. Mayorkas*, No. 1:13-cv-485, 2014 WL 4908447, at *3–4 (S.D. Ohio Sept. 30, 2014) (mooting claims to adjudicate adjustment application); *Adbelkarim Elbeghdad v. U.S. Citizenship & Immigr. Servs.*, No. 2:07-cv-0020, 2008 WL 4405044, at *1 (S.D. Ohio Sept. 24, 2008) (mooting claims to adjudicate naturalization application).

Shahrbabaki's only pushback against mooting the case cites the green card's spelling error. [R. 13, at 179–181.] That error, she claims, makes the card effectively useless. [*Id.*] And, she says, that means the Court can still provide relief by ordering the government to issue a corrected green card. [*Id.*] In response, the government says that Shahrbabaki can submit a form to correct the error and, in the meantime, receive an Alien Documentation, Identification and Telecommunication, or I-551, stamp. [R. 12, at 174.] This stamp could go on her foreign passport and signal her immigration status. [*Id.*]; *see, e.g.*, *Ayoub v. Cherftoff*, No. 05-71484, 2005 WL 1028180, at *1 (E.D. Mich. Apr. 20, 2005).

While the Court sympathizes with the headaches the government's error visits on her, Shahrbabaki's objection to mootness seeks relief beyond her complaint's scope. *See Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483–84 (6th Cir. 2020) (parties cannot amend complaints in opposition briefs.). Her complaint seeks an order to have her I-485 form adjudicated—which has happened. And

that process differs from the process to correct a green-card error. *See* 8 U.S.C. §1255; *Vargas-Ortiz v. McCarthy*, No. 1:14-cv-00393, 2016 WL 707340, at *2 (D. Idaho Feb. 22, 2016) (describing I-90 form to correct green-card error). As this case now stands, it is moot.

That leaves a final question of whether to dismiss with prejudice, as the government urges, [R. 12, at 174], or without prejudice, as Shahrbabaki suggests, [R. 13, at 182]. Dismissing for lack of jurisdiction leaves the merits untouched, so the dismissal must be without prejudice. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001); *Lin Su Fang v. Holder*, 1:11-cv-313, 2011 WL 2784496, at *3 (N.D. Ohio July 13, 2011).

* * *

Shahrbabaki's case is **dismissed** as moot. The case is closed, and all outstanding motions are **dismissed** as moot. [R. 7, 8.]

**SO ORDERED**

Dated: November 19, 2026

*s/ Michael J. Hendershot*

**HON. MICHAEL J. HENDERSHOT**
**UNITED STATES DISTRICT COURT**